Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

TRED R. EYERLY                5641-0
te@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

Attorney for
GREAT AMERICAN ALLIANCE
INSURANCE COMPANY

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT DIVIDE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO.<br>**(DECLARATORY JUDGMENT)**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT; INJUNCTIVE RELIEF; SUMMONS** |

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF

Comes   now   Plaintiff   GREAT   AMERICAN   ALLIANCE

INSURANCE COMPANY ("Great American"), by and through its counsel,

Damon Key Leong Kupchak Hastert, and for its Complaint for Declaratory

Judgment and Injunctive Relief against the Defendant GREAT DIVIDE INSURANCE COMPANY ("Great Divide"), alleges and avers as follows:

Great Divide issued a Commercial General Liability policy ("CGL Policy") to the Association of Apartment Owners of International Colony Club ("Association"). The Great Divide CGL policy is an underlying policy that the Umbrella and Excess policy issued by Great American ("Umbrella Policy") sits above.

1.    After the Association was sued by a disgruntled owner, Great Divide utterly abandoned its insured and denied coverage without legal justification.

**PARTIES**

2.    Plaintiff Great American is incorporated under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

3.    Upon information and belief, Defendant Great Divide is incorporated under the laws of the State of South Dakota with its principal place of business in Iowa.

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Great America

and Great Divide, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.    Great American seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 regarding the rights and obligations owed to the insured Association under both the Great American Umbrella Policy and the Great Divide CGL Policy. Great American further seeks injunctive relief under Fed. R. Civ. P. 65 and as further necessary or proper relief pursuant to 28 U.S.C. § 2202.

6.    Venue lies in this Court pursuant to 28 U.S.C. § 1391 because all or substantial portion of the events or omissions giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

### The Underlying Action

7.    The Association was sued by an owner in a complaint filed in the Circuit Court of the Second Circuit, State of Hawaii. *See Winn v. The Association of Apartment Owners of International Colony Club, et al*., Civil No. 2CCV-23-0000178 (filed June 28, 2023) ("Underlying Complaint" or "underlying action").

8.    The Underlying Complaint alleged that plaintiff Peter Winn purchased an apartment at the Association in March 2021. Winn alleges that, prior to the purchase of his apartment, he was assured by the Association's president and

others that renovations he planned for his apartment were simply a formality and were allowed.

9.    Nevertheless, Winn alleges that after submission of the plans and application to the Association's Architectural Committee, his application was denied.

10.    The Underlying Complaint alleges that Winn filed an appeal with the Association, but the appeal was denied.

11.    Moreover, the pre-renovation evaluation work that was being performed by Winn was banned by the Association pursuant to a Stop Order.

12.    The Underlying Complaint alleges that after denial of Winn's application, the Association introduced plans to reword the house rules, which included requirements for exterior and structural changes to apartments, but did not distribute the proposed new language to Winn.

13.    The Underlying Complaint alleges that the Stop Order issued to Winn halted the construction work and prevented Winn from renting his unit, causing him damage.

14.    The Underlying Complaint alleges, among other things, that the Association's actions were in retaliation, in breach of statutory and common law duties to exercise due care in treating the Plaintiff fairly, and breached fiduciary duties owed to Winn.

15.    The Underlying Complaint alleges the following counts: Declaratory Injunctive Relief (Count I); Negligence and Gross Negligence (Count II); Estoppel/Detrimental Reliance (Count III); Retaliation (Count IV); Breach of Governing Documents and Chapter 514B (Count V); HRS Chapter 480 (Count VI); and Breach of Fiduciary Duty and other Common Law Duties (Count VII).

**The Great American Umbrella Policy**

16.    The Great American Umbrella Policy is part of a risk purchasing program where certificate holders are issued individual certificates. Certificate Number UM30209810 was issued to the Association for the policy period 7/1/21 to 7/1/22.

17.    The Umbrella Policy's insuring agreement provides that Great American "will pay on behalf of the 'Insured' those sums in excess of the 'retained limit' that the 'Insured' becomes legally obligated to pay as damages…"

18.    "Retained limits" is defined in the Umbrella Policy, in part, as "the total amounts stated in the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance . . ."

19.    The Umbrella Policy's Schedule of Underlying Insurance lists, among other policies, a Commercial General Liability policy and a Directors and Officers Liability policy.

20.    As alleged above, Great Divide issued the CGL policy to the Association. Travelers Casualty and Surety Company of America ("Travelers")

issued the Directors and Officers Liability Policy ("D&O Policy") to the Association.

21.     The Umbrella Policy addresses its Limits of Insurance, in part, as follows:

> E. If the <u>applicable</u> Limits of Insurance of the policies listed in the Schedule of Underlying Insurance or of other insurance providing coverage to the "insured" are reduced or exhausted by actual payment for one or more "claims or "suits," then, subject to all applicable terms and conditions of this Policy, we will:
>
> 1. in the event of reduction, pay in excess of the reduced underlying Limits of Insurance, or:
>
> 2. in the event of exhaustion, continue in force as "underlying insurance."

Umbrella Policy (emphasis added).

**The Travelers D&O Policy**

22.     The Travelers D&O Policy is policy number 107099116, with a policy period from July 1, 2021 to July 1, 2022.

23.     The Travelers D&O Policy provides coverage for "Wrongful Acts" by the Association's directors and officers.

24.     The policy defines "Directors and Officers Wrongful Acts" to mean, among other things, "any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty or neglect by, including Personal Injury or Publishers Liability, the Insured Organization . . ."

25.     The Travelers D&O Policy states Travelers has the right and duty to defend any Claim, but has no obligation "to defend or continue to defend any Claim after the applicable limit of liability has been exhausted by payment of a Loss."

26.     The Travelers D&O policy is an "eroding" policy and defense expenses reduce and may exhaust the limit of liability.

27.     The Travelers D&O Policy has a limit of liability of $1,000,000.

28.     The Other Insurance and Indemnification provision in the Travelers D&O Policy reads,

> If any **Loss** otherwise covered under this [D&O Policy] is insured under any other valid and collectible policy or policies, then this [D&O Policy] will apply only in excess of the amount of any deductibles, retentions and limits of liability under such other insurance, whether such is stated to be primary, contributory excess, contingent or otherwise. . . (emphasis in original).

29.     Travelers is defending the underlying action under a reservation of rights.

**The Great Divide CGL Policy**

30.     The Great Divide CGL Policy is policy number GC997048, with a policy period from June 1, 2021 to June 1, 2022.

31.    The Insuring Agreement in the Great Divide CGL Policy

provides:

> We will pay those sums that the insured becomes legally obligation to
> pay as damages because of "bodily injury" or "property damage" to
> which this insurance applies. We will have the right and duty to
> defend the insured against any "suit" seeking those damages.

32.    The Great Divide CGL Policy provides further:

> This insurance applies to "bodily injury' and "property damage" only
> if:
>
> (1) The "bodily injury' or "property damages" is caused by an
> "occurrence" that takes place in the "coverage territory."

33.    The Great Divide CGL Policy defines "occurrence" as "an

accident, including continuous or repeated exposure to substantially the same

general harmful conditions."

34.    The Great Divide CGL Policy's definition of "property

damage" includes the following:

> b. Loss of use of tangible property that is not physically injured. All
> such loss of use shall be deemed to occur at the time of the
> "occurrence" that caused it.

35.    The Great Divide "Other Insurance" provision states, in

relevant part,

> If other valid and collectible insurance is available to the insured for a
> loss we cover under [this CGL Policy] . . . our obligations are limited
> as follows: [t]his insurance is primary except when b. below applies.
> If this insurance is primary, our obligations are not affected unless any
> of the other insurance is also primary.

36.    When notified of the claim by the Association, Great Divide determined there was no coverage because: (1) there was no "property damage" resulting from an "occurrence;" and (2) an exclusion, entitled Exclusion – Directors and Officers Liability, precluded coverage.

37.    Consequently, Great Divide has never defended the Association in the underlying action.

**A Defense is Triggered Under Hawaii Law if there is a Possibility that Coverage Exists Under the Policy**

38.    Under Hawaii law, "the duty to defend rests primarily on the possibility that coverage exists." *Tri-S Corp. v. W. World Ins. Co.*, 110 Haw. 473, 488, 135 P.3d 97, 98 (2006). "This possibility may be remote but if it exists, the insurer owes the insured a defense." *Id.* "All doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured." *Id.*

**Great Divide's CGL Policy is Triggered by Allegations of "Property Damage" Caused by an "Occurrence"**

39.    The Great Divide CGL Policy defines "property damage" to include "Loss of use of tangible property that is not physically injured."

40.    The allegations in the underlying complaint include the following:

14. Additionally, all pre-renovation evaluation work was banned by the AOAO by a Stop Order.

. . .

18. The planned renovations were expected to be completed in March 2021, but the Stop Work Order from the AOAO completely halted work and prevented Mr. Winn from renting his unit as he had intended, causing significant damages.

. . .

34. The AOAO's actions against Mr. Winn's planned renovations were not made in good faith and are not supported by applicable law or governing documents.

41.    The allegations of the underlying plaintiff's inability to renovate his property and thereafter rent the property constitute loss of use and property damage as defined in the Great Divide CGL Policy.

42.    Under Hawaii law, allegations of negligent conduct give rise to an occurrence or accident within the meaning of the Great Divide CGL Policy. *See Island Ins. Co. v. Arakaki*, 2010 Haw. App. LEXIS 296, at *13 (Haw. Ct. App. June 16, 2010)("negligence will lie if the defendant breaches a duty owed to plaintiff, thereby legally causing the plaintiff's injury").

43.    The Underlying Complaint alleges the possibility of an occurrence, as follows:

24. The AOAO has statutory and common law duties to members of the organization.

25. The AOAO owed statutory and common law duties to exercise due care in treating the Plaintiff fairly and inter alia complying with the request for modification.

26. AOAO's denial of Plaintiff's application had no reasonable basis and demonstrates their negligence in abiding by their own rules.

. . .

46. The AOAO did not use ordinary care and prudence during the design control process, as well as failing to reasonably act within its discretionary powers.

44. The Underlying Complaint alleges "property damage" resulting in an "occurrence," triggering Great Divide's duty to defend.

### Under the Other Insurance Provisions the Great Divide CGL Policy is Primary, and the Travelers D&O Policy is Excess

45. The Travelers D&O Policy is excess to other valid and collectible policies, including the Great Divide CGL Policy. Had Great Divide honored its obligations to the Association, the limits in the Travelers D&O Policy would be unimpaired and available to indemnify the Association.

46. The Great Divide CGL Policy is primary and therefore Great Divide has the primary responsibility to defend the Association in underlying action. The Association, Travelers, and Great American are all harmed by Great Divide's refusal to honor its obligations under its CGL Policy because of the improper erosion of the limits of the Travelers D&O Policy.

### The Exclusion – Directors and Officers Liability Does Not Excuse Great Divide's Duty to Defend

47. The Great Divide CGL Policy included an endorsement entitled "Exclusion - Directors and Officers Liability," which reads as follows:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any error, omission, malpractice or mistake of a professional nature committed or alleged to have been committed by or on behalf of you in the conduct of any or your business activities. (emphasis added)

48.    Acts of retaliation, as alleged in the Underlying Complaint, do not fall within the Association's "business activities." Nor are acts of retaliation of a "professional nature" with regards to the Association.

49.    The Great Divide CGL policy does not define the phrase "business activities."

50.    A reasonable interpretation of the phrase "business activities" does not include acts of retaliation, but includes actions by the Association such as creating a budget, maintaining the property, and general management of the project.

51.    If Great Divide interprets the phrase "business activities" differently, there is an ambiguity that must be construed in the insured's favor. Ambiguities are construed liberally in favor of the insured and against the insurer. *See, e.g., Sturla, Inc. v. Fireman's Fund Ins. Co.*, 67 Haw. 203, 209, 684 P.2d 960, 964 (Haw. 1984).

52.    The phrase "of a professional nature" is also undefined in the Great Divide CGL policy.

53.    "Services of a professional nature" are commonly understood to be services that are rendered by a member of the learned professions or that require

a high level of training and proficiency." *E.g., City of Kenai v. Friends of the Rec. Ctr., Inc.,* 129 P.3d 452, 458-459 (Alaska 2006). Neither the Association nor its board are expected to render as services acts of retaliation, which does not require a high level of training and proficiency.

54.    Consequently, acts of retaliation are not excluded by the Great Divide CGL policy and the "Exclusion - Directors and Officers Liability" does not excuse Great Divide from its duty to defend the Association in the underlying action.

**Efforts to Settle Underlying Action**

55.    Prior attempts to mediate a resolution of the underlying dispute have been unsuccessful. Great Divide has never participated in prior mediations.

56.    The parties, the Association's insurers, Travelers and Great American, and the Circuit Court are seeking to arrange a settlement conference to resolve the underlying action before trial.

57.    The settlement conference has not yet been scheduled, in part because coverage issues amongst the Association's insurers have not been resolved.

58.    On information and belief, the limits left in the eroding Travelers' D&O Policy are unlikely to effectuate a settlement with the underlying plaintiff.

59.     Great American has urged the Association to demand a defense from Great Divide and that Great Divide participate in efforts to settle the case.  To date, the Association has declined to do so, allowing Great Divide to escape its obligations and responsibilities under the Great Divide CGL Policy.

60.     The Association, Great American, and Travelers are all harmed by Great Divide's improper refusal to defend and provide coverage under the Great Divide CGL policy. The Association's available limits are significantly reduced as the Travelers' D&O policy erodes and the Great Divide CGL policy is not in play. Great American is being asked to participate in a settlement conference and make a substantial contribution in order to settle the underlying case, even though the Great American Umbrella Policy is not triggered until the limits in both the Travelers D&O Policy and the Great Divide CGL Policy are properly exhausted. Travelers is shouldering the entirety of the defense costs, despite being excess to the Great Divide CGL Policy, due to Great Divide's escape from its obligations.

**COUNT I**
**DECLARATORY JUDGMENT ON GREAT DIVIDE'S DUTY TO DEFEND**

61.     The foregoing allegations are incorporated by reference.

62.     Great Divide has a duty to defend the Association in the underlying action because there is at least a possibility that the allegations in the Underlying Complaint are covered under the Great Divide CGL Policy.

63.    By denying coverage under its policy, Great Divide has breached its policy and the obligations that Great Divide promised to perform on behalf of the Association.

64.    Great American has no obligations under its Umbrella Policy until the limits of insurance in both the Travelers D&O Policy and the Great Divide CGL Policy are exhausted.

65.    As a result, Great American is entitled to a declaratory judgment that Great Divide has a duty to defend the Association before the Umbrella Policy is triggered.

66.    Great American is entitled to further injunctive relief under 28 U.S.C. § 2202 to compel Great Divide to defend the underlying action and to participate in efforts to settle the underlying case.

## COUNT II
## DECLARATORY JUDGMENT ON GREAT DIVIDE'S DUTY TO INDEMNIFY

67.    The foregoing allegations are incorporated by reference.

68.    Great Divide's CGL Policy agrees "to pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies."

69.    The Great Divide CGL Policy further provides, "This insurance applies to . . . 'property damage' only if . . . caused by an 'occurrence' that takes place in the 'coverage territory' . . ."

70.    The Great Divide CGL Policy defines "property damage" to include "[l]oss of use of tangible property that is not physically injured."

71.    None of the exclusions in the Great Divide CGL policy are applicable to deny defense and/or indemnity coverage to the Association.

72.    The Great American Umbrella Policy states that the applicable policy limits of the Commercial General Liability Policy and the Directors and Officers Liability Policy listed in the Umbrella Policy's Schedule of Underlying Insurance must be exhausted before the Umbrella Policy is triggered and continues in force as the underlying insurance.

73.    Great Divide's erroneous denial of coverage is depriving the Association of indemnity coverage to which it is entitled under the Great Divide CGL Policy, making a possible settlement of the claims asserted by the underlying plaintiff extremely difficult to settle.

74.    Great American is entitled to a declaratory judgment that Great Divide has a duty to indemnify the Association before the Umbrella Policy is triggered.  Great American is entitled to further injunctive relief under 28 U.S.C. § 2202 to compel Great Divide to participate in efforts to settle the underlying case and to exhaust its limits before the Great American Umbrella Policy is triggered.

WHEREFORE, Great American pleads for relief as follows:

A.    A declaration that Great Divide has breached its duty to defend the Association in the underlying action.

B.    A declaration determining the indemnity obligations of Great Divide.

C.    That, pursuant to 28 U.S.C. § 2202, Great American be awarded further relief against Great Divide, including injunctive relief that ordering Great Divide to fulfill all of its obligations under the Great Divide CGL Policy.

D.    For Great American attorneys' fees and costs incurred in this action.

E.    For such other relief as the Court may deem just and appropriate under the circumstances.

DATED: Honolulu, Hawaii, August 14, 2025.

DAMON KEY LEONG KUPCHAK HASTERT

*/s/ Tred R. Eyerly*

TRED R. EYERLY

Attorney for
    GREAT AMERICAN ALLIANCE
    INSURANCE COMPANY

HID 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Hawaii

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY | ) |
| _____ | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| GREAT DIVIDE INSURANCE COMPANY | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    GREAT DIVIDE INSURANCE COMPANY
PO Box 9190
DES MOINES, IA 50306

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    DAMON KEY LEONG KUPCHAK HASTERT
TRED R. EYERLY, ESQ.
1003 BISHOP STREET, SUITE 1600
HONOLULU, HAWAII 96813

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____

*Signature of Clerk or Deputy Clerk*