Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

TRED R. EYERLY          5641-0
te@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

Attorneys for GREAT AMERICAN
ALLIANCE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>GREAT DIVIDE INSURANCE COMPANY,<br><br>    Defendant. | CIVIL NO. 1-25-cv-00347-JAO-KJM<br>**(DECLARATORY JUDGMENT)**<br><br>**PARTIES' STIPULATION TO STAY; EXHIBIT "A"; ORDER**<br><br>No Trial Date Set |

**PARTIES' STIPULATION TO STAY**

The parties, Plaintiff Great American Alliance Insurance Company ("Great American"), Defendant Great Divide Insurance Company ("Great Divide"), and

941029.4

Intervenor Association of Apartment Owners of International Colony Club ("Association") stipulate as follows:

1. The underlying case from which this coverage action arises is styled *Winn v. Association of Apartment Owners of International Colony Club, et al,* Circuit Court of the Second Circuit, State of Hawaii, Civil No. 2 CCV-230000178 ("*Winn* Lawsuit") and involves a suit against the Association by a disgruntled homeowner.

2. The Association tendered the complaint in the *Winn* Lawsuit to its three carriers: (1) Travelers Casualty and Company of America ("Travelers"), who issued a Directors and Officers policy to the Association with a limit of liability of $1,000,000; (2) Great Divide, who issued a Comprehensive General Liability policy to the Association with per occurrence limits of $1,000,000, aggregate limits of $2,000,000; and (3) Great American, who issued an Umbrella and Excess policy to the Association with limits of $ 5,000,000 per occurrence, $5,000,000 general aggregate.

3. Travelers defended the Association in the *Winn* Lawsuit. Great Divide denied coverage. Great American reserved rights for, among other things, failure to exhaust the Travelers and Great Divide policies as Great American maintains is required by the Umbrella and Excess policy.

4. The Travelers' policy is cannibalizing, meaning defense costs are deducted from the policy limits.

5. The *Winn* Lawsuit was mediated in October 2025. On November 13, 2025, a Notice of Settlement was filed in the *Winn* Lawsuit, which is attached hereto as Exhibit A. The *Winn* Lawsuit was removed from the November 2025 trial calendar. However, the settlement agreement has not yet been finalized.

6. The settlement described in the Term Sheet is comprised of a monetary payment and a non-monetary component regarding renovations plaintiff in the *Winn* Lawsuit desires to make. The non-monetary component of the settlement will be presented to an arbitrator, who will decide the extent of the renovations that plaintiff in the *Winn* Lawsuit can pursue.

7. Under the Term Sheet, the monetary portion of the settlement will be paid within thirty days after the arbitration award for the non-monetary component is confirmed by the Circuit Court for the Second Circuit Court, State of Hawaii ("Circuit Court").

8. Under the Term Sheet, Travelers will contribute to the monetary portion of the settlement the limits under its policy that remain after the arbitration is complete and the award is confirmed by the Circuit Court. The amount that Travelers will contribute is uncertain because defense costs in preparation and participation in the arbitration will continue to erode the remaining limits of the Travelers' policy.

3

9. Great Divide is not contributing to the settlement. Great American has agreed to contribute the remainder of the amount to be paid to plaintiff in the *Winn* Lawsuit after exhaustion of the limits in the Travelers' policy.

10. In this coverage action, Great American seeks to recover from Great Divide amounts that Great American will contribute to the settlement. This amount will not be established until completion of the arbitration at which time remaining limits on the Travelers' policy will be known as well as the amount of Great American's contribution to the settlement.

11. Therefore, the parties agree that this coverage action should be stayed until the arbitration is completed and the contribution amounts by Travelers and Great American to the settlement in the *Winn* Lawsuit are known.

12. If a stay is granted, the parties will request that the stay be lifted within seven days of the Circuit Court confirming the arbitration award. If the settlement in the *Winn* Lawsuit is not finalized for whatever reason, the parties will request the stay be lifted within seven days of the *Winn* Lawsuit being reinstated on the trial calendar for the Circuit Court.

13. Any party may request a status conference with the Court during the pendency of the stay if issues arise.

*[Signature page to follow]*

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that an Order to Stay this action be issued.

DATED: Honolulu, Hawaii, December 10, 2025

/s/ Tristan S. D. Andres
ALAN VAN ETTEN
TRISTAN S.D. ANDRES
ERIK A. RASK
Attorneys for Intervenor Defendant/Counterclaimant/ Cross-claimant ASSOCIATION OF APARTMENT OWNERS OF INTERNATIONAL COLONY CLUB

/s/ Wesley H.H. Ching
WESLEY H.H. CHING, ESQ.
Attorney for Defendant/Cross-claim Defendant GREAT DIVIDE INSURANCE COMPANY

/s/ Tred R. Eyerly
TRED R. EYERLY, ESQ.
Attorney for Plaintiff/Counterclaim Defendant GREAT AMERICAN ALLIANCE INSURANCE COMPANY

APPROVED AND SO ORDERED:

DATED: Honolulu, Hawaii, December 10, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

---

GREAT AMERICAN INSURANCE COMPANY v. GREAT DIVIDE INSURANCE COMPANY, et al., Civil No. 1:25-cv-00347-JAO-KJM; FIRST STIPULATION TO STAY; EXHIBIT "A"; ORDER